UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-02555-KK-SPx** | Date: | September 10, 2026 |
|---|---|---|---|
| Title: | ***Chancy Crenshaw v. Aurora Health LLC*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders**

On August 28, 2026, the Court issued an Order holding Defendant's Motion to Compel Arbitration in abeyance, setting a trial on the issue of whether Plaintiff assented to the terms of the arbitration agreement for September 28, 2026 at 9:00 a.m., and setting a final pretrial conference for September 17, 2026 at 11:00 a.m. ECF Docket No. ("Dkt.") 24. The Court further ordered the parties to "file their pre-trial documents in accordance with this Court's Civil Trial Scheduling Order" and expressly warned the parties that "[f]ailure to comply will result in sanctions which may include monetary sanctions, and/or dismissal for failure to prosecute and comply with Court Orders." Id. at 9.

Pursuant to this Court's Civil Trial Scheduling Order, the following pretrial documents were due at least 21 days before the final pretrial conference:

- Memorandum of contentions of fact and law
- Joint witness list with time estimates for each witness
- Joint exhibit list

Civil Trial Scheduling Order at 6. Additionally, the following pretrial documents were due at least 14 days before the final pretrial conference:

- Proposed final pretrial conference order
- Stipulation of facts

- Joint exhibit stipulation
- Proposed jury instructions, and any objections
- Proposed verdict form(s)
- Joint statement of the case
- Proposed voir dire questions

Id.

To date, no pretrial documents have been filed. The parties are, therefore, in violation of the Court's August 28, 2026 Order.

The Court has inherent power to impose sanctions for willful disobedience of a court order. See Evon v. Law Offs. of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012). Moreover, pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss this action for failure to prosecute or failure to comply with a court order. See Fed. R. Civ. P. 41(b). Before imposing sanctions or dismissing this action, however, the Court will afford the parties an opportunity to explain their failure to file the pretrial documents as directed by the Court's August 28, 2026 Order.

Accordingly, the Court, on its own motion, orders the parties to show cause in writing **no later than five (5) days from the date of this Order** why this action should not be dismissed and/or sanctions imposed for failure to prosecute and/or comply with court orders. Additionally, in light of the parties' failure to file the required pretrial documents, the final pretrial conference and trial dates are hereby **VACATED**.

**The parties are expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice and/or other sanctions, including monetary sanctions, for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**